IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL #58 401(k) FUND, INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL #58, FINISHING TRADES INSTITUTE, LABOR MANAGEMENT COOPERATIVE INITIATIVE, SAFETY TRAINING AWARD RECOGNITION, CENTRAL ILLINOIS CONSTRUCTION TRADES SUBSTANCE ABUSE TESTING FUND, INC., and ILLINOIS STATE PAINTERS WELFARE FUND, <br><br>           Plaintiffs, <br><br> v. <br><br> ROBERT W. BRITZ PAINTING COMPANY INC., <br><br>           Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  Case No.:   3:19-cv-01333 |

## COMPLAINT

NOW COME Plaintiffs, PAINTERS DISTRICT COUNCIL #58 401(k) FUND, *et al.*, by their attorneys, CAVANAGH & O'HARA LLP, complaining of the Defendant, ROBERT W. BRITZ PAINTING COMPANY INC., and allege as follows:

### Jurisdiction

1. This is a civil action under the Employee Retirement Income Security Act of 1974, as amended from time to time and codified at 29 U.S.C. §1001 *et seq.* ("ERISA").

2. This court has jurisdiction over this case because federal district courts have exclusive jurisdiction under ERISA over civil cases like the present action. (*See* 29 U.S.C. §1132).

## Venue

3. Venue for civil cases like the present case is proper in a federal district court where the breach took place, where a defendant resides or may be found, or where the plan is administered. See, §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

4. Venue is proper in this court because Plaintiff, Painters District Council 58 401(k) Fund, is administered in Madison County, Illinois, which is located within the judicial district of the United States District Court for the Southern District of Illinois, East St. Louis division.

## Parties

5. Plaintiffs are employee benefit funds, labor-management committees and/or funds established pursuant to collective bargaining agreements between the International Union of Painters and Allied Trades ("Union") and certain employer associations whose employees are covered by the applicable collective bargaining agreements with the Union.

6. Defendant, Robert W. Britz Painting Company Inc., was an Illinois corporation doing business in Illinois, with a principal place of business in Divernon, Illinois.

## Factual Allegations

7. Defendant is bound to the applicable collective bargaining agreement with the Union, under which Defendant is required to report hours and pay contributions to Plaintiffs (a copy of the applicable collective bargaining agreement is attached hereto as **Exhibit "A"** and is fully incorporated herein and made a part hereof by this reference).

8. Additionally, Defendant was bound to the entire term of Exhibit A pursuant to its conduct, which evidenced an intent to be bound to said collective bargaining agreement.

9. Defendant contacted and utilized the Union for manpower both prior and during the term of Exhibit A.

10. Defendant recurrently used the Union for manpower both prior and during the term of Exhibit A.

11. Defendant has historically paid its employees from the Union the rate of pay as negotiated in the applicable collective bargaining agreements, or the applicable addenda thereto (*i.e.*, "union scale").

12. Defendant has historically remitted check-offs (*i.e.*, wage deductions) to the Union and other Plaintiffs from its employees' pay checks.

13. Defendant has shown other signs of being bound to Exhibit A (and previous collective bargaining agreements) by submitting to multiple payroll compliance examinations/audits.

14. Exhibit A binds Defendant to the provisions of certain trust agreements of Plaintiffs (copies of the relevant trust agreements are attached hereto as **Exhibits "B"** and **"C"** and are fully incorporated herein and made a part hereof by this reference).

15. Defendant employed members of the Union, who are also participants in the employee benefit funds administered by Plaintiffs pursuant to the collective bargaining agreement to which Defendant is bound.

16. Defendant has employed individuals who performed hours of covered work for which fringe benefit contributions are owed to Plaintiffs under the provisions of the collective bargaining agreement and trust agreements.

17. Defendant is required under the collective bargaining agreement and trust agreements to pay contributions to Plaintiffs for the hours of covered work performed under the collective bargaining agreement by its employees each month.

18. Pursuant to §1145 of ERISA, Defendant is required to pay fringe benefit

contributions to Plaintiffs in accordance with the terms and conditions of the collective bargaining agreement and the trust agreements.  See, 29 U.S.C. §1145.

19. Defendant's payment of amounts owed under the collective bargaining agreement are due to Plaintiffs by the 15th day of the month following the month in which the hours were worked by Defendant's employees.

20. Defendant failed to report all hours of covered work performed by its employees and make payment to Plaintiffs for all amounts owed as required under the collective bargaining agreement.

21. Defendant breached the provisions of the applicable collective bargaining agreement and the trust agreements by failing to timely report hours worked by its employees and paying the amounts owed.

22. Pursuant to the trust agreements, Plaintiffs have the right to examine the payroll books and records of Defendant to confirm the accuracy of Defendant's reporting of hours worked and gross wages earned, and to determine whether Defendant has paid Plaintiffs all fringe benefit contributions and check-offs owed.

23. Plaintiffs conducted a fringe benefit/payroll compliance audit of Defendant covering the period of January 1, 2012 through December 31, 2015, which identified certain and determinable amounts owed by Defendant.  The audit report is attached hereto as **Exhibit D.**

24. Based upon the audit report, Plaintiffs have determined that Defendant owes Plaintiffs contributions and check-offs in the amount of $5,363.09.

25. Pursuant to the terms of the collective bargaining agreement and/or the trust agreements, Defendant is also liable for liquidated damages, interest, reasonable attorneys' fees, court costs and all other reasonable expenses incurred by Plaintiffs in the collection of delinquent

contributions, such as audit costs.

26. Pursuant to §1132(g)(2) of ERISA, if judgment is entered in favor of the Plaintiffs in this matter, the Court shall award Plaintiffs certain relief, including interest, liquidated damages or double interest, and attorneys' fees. More specifically, §1132(g)(2) of ERISA provides as follows:

> **(g)** Attorney's fees and costs; awards in actions involving delinquent contributions
> \* \* \*
> **(2)** In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
> **(A)** the unpaid contributions,
>
> **(B)** interest on the unpaid contributions,
>
> **(C)** an amount equal to the greater of –
>
> **(i)** interest on the unpaid contributions, or
> **(ii)** liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> **(D)** reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> **(E)** such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26. (*See*, §1132(g)(2) of ERISA).

WHEREFORE, Plaintiffs pray as follows:

A.      That judgment be entered in favor of the Plaintiffs and against Defendant for all such monies found to be due—including delinquent contributions, check-offs, liquidated damages, interest, audit costs, attorney fees, court costs, and all applicable statutory remedies pursuant to 29 U.S.C. §1132(g)(2) for the period of January 1, 2012 through December 31, 2015—at the time Judgment is rendered;

B.      Specifically, that Defendant is decreed to pay to Plaintiffs $5,363.09 in fringe benefit contributions and check-offs, plus any other amounts found to be owing at the time judgment is entered;

C.      That Defendant be decreed to pay Plaintiffs their reasonable attorney fees and costs as provided by ERISA, 29 U.S.C. §1132(g)(2), the collective bargaining agreement, and Plaintiffs' trust agreements;

D.      That Defendant be decreed to pay all costs attendant to these proceedings; and

E.      That Plaintiffs be awarded such other and further relief as the Court deems just and equitable, all at Defendant's costs.

PAINTERS DISTRICT COUNCIL #58 401(k) FUND, *et al.*, Plaintiffs,

By:     s/ Timothy J. Shrake II
        TIMOTHY J. SHRAKE II
        **CAVANAGH & O'HARA LLP**
        2319 W. Jefferson Street
        Springfield, IL 62702
        Telephone: (217) 544-1771
        Fax: (217) 544-9894
        timshrake@cavanagh-ohara.com